# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOAO MAXIMIANO DE OLIVEIRA,

      Petitioner,

v.                                                        CASE NO. 4:11cv41-RH/WCS

ICE IMMIGRATION,

      Respondent.

_____/

## ORDER FOR DISMISSAL

      This petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges a removal order. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 4. No objections have been filed.

      The report and recommendation correctly concludes that a challenge to a removal order is within the original jurisdiction of the appropriate court of appeals—here the Eleventh Circuit—and is not within a district court's jurisdiction. *See* 8 U.S.C. § 1252(a)(5). But this does not mean that the case should be transferred to the Eleventh Circuit. Transfer is appropriate for a case that was pending in the district court as of May 11, 2005, the effective date of the REAL ID Act, which vested jurisdiction of such cases in the courts of appeals. *See*

Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005).  But a case that was filed in a district court after that date should be dismissed, not transferred.  *See Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam) (holding that when a habeas petition challenging a removal order was not pending in the district court as of May 11, 2005, it should not have been transferred to the court of appeals: "A petition under § 2241 filed in a district court after that date (as this petition was) must be dismissed; it can be neither entertained nor transferred.").  *See also Utoh v. U.S. Attorney Gen.*, 192 F. App'x 928, 932-33 (11th Cir. 2006) (recognizing that a § 2241 petition that was pending in the district court on the REAL ID Act's effective date was properly transferred to the circuit court).

For these reasons,

IT IS ORDERED:

The clerk must enter judgment stating, "The petition is dismissed without prejudice for lack of subject-matter jurisdiction."  The clerk must close the file.

SO ORDERED on April 22, 2011.

s/Robert L. Hinkle  
United States District Judge